**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | 1:23-mj-00015-WAL-EAH |
| **ADOLPFUS PENNYFEATHER,** | |
| Defendant. | |

**TO:** Michael Conley, Esq., AUSA
Gabriel J. Villegas, Esq., AFPD

**REPORT & RECOMMENDATION**

**THIS MATTER** comes before the Court on the Government's Motion to Dismiss, filed on December 12, 2024 by former Assistant United States Attorney Daniel Huston. Dkt. No. 16.[1] The Court now recommends that the Motion to Dismiss be granted. However, In a previous Report and Recommendation entered on July 11, 2025, the Court recommended that the District Judge rule that Mr. Pennyfeather "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," and commit him to the custody of the Attorney General for no more than four months to be hospitalized. Dkt. No. 31 (quoting 18 U.S.C. § 4241). Based on the evidence presented, the Court has determined that Mr. Pennyfeather's mental condition is unlikely to

---

[1] On June 24, 2025, the District Judge entered an Order referring any proceedings related to Mr. Pennyfeather's competency to the undersigned Magistrate Judge. Dkt. No. 23. As discussed throughout this Report and Recommendation, the pending motion to dismiss the complaint relates to Mr. Pennyfeather's competency proceedings. Accordingly, this Report and Recommendation is entered pursuant to the District Judge's June 24 Order.

significantly improve during the brief period of hospitalization afforded by § 4241. Moreover, the Court is concerned that, due to his mental condition, Mr. Pennyfeather's release from custody occasioned by granting the Government's motion to dismiss could pose "a substantial risk of bodily injury to another person or serious damage to property of another." *See* 18 U.S.C. § 4246 (permitting the Court to commit a defendant due for release from detention to the custody of the Attorney General for long term hospitalization for treatment of mental "disease or defect" under certain conditions). Accordingly, and for the reasons that follow, while the Court recommends that the Government's motion to dismiss be granted, it further recommends that Mr. Pennyfeather's release pursuant to the motion to dismiss be stayed, and that the Government be directed to quickly initiate the process of determining whether Mr. Pennyfeather should remain in federal custody pursuant to § 4246.

## BACKGROUND

The procedural background of this case was discussed at length in the Court's July 11, 2025 Report and Recommendation on Defendant Adolpfus Pennyfeather's Motion for Competency Report and Recommendation. Dkt. No. 31. As relevant here, on December 12, 2024, the Government moved to dismiss the charges against Mr. Pennyfeather because it determined that he was incompetent "with a significant impairment of his ability to understand the nature and consequences of his charges and court proceedings and [wa]s not able to assist his counsel in mounting any defense." Dkt. No. 16. Following the filing of that motion, the Court held a hearing at which the Government and the Defendant's attorneys agreed that the best way to ensure the safety of the community and of Mr. Pennyfeather was for him to be committed to a suitable treatment facility in the Virgin Islands. Therefore, while

the motion to dismiss remained pending, Attorney Gabriel Villegas, on behalf of Mr. Pennyfeather, filed a motion seeking an expedited order directing that Mr. Pennyfeather be committed to the custody of the Attorney General "so that Mr. Pennyfeather can receive treatment at a federal medical facility." Dkt. No. 22.

Pursuant to that motion, the Court held a Competency Hearing on July 10, 2025 at which the parties agreed that Mr. Pennyfeather was severely mentally unwell and would benefit from long-term civil commitment. The parties further agreed that release of Mr. Pennyfeather was likely to pose a risk of danger to the community and to Mr. Pennyfeather himself. The defense proffered that Mr. Pennyfeather continues to act out, sometimes aggressively, frequently needs restraint, and has psychotic episodes. The Government proffered that Bureau of Prison doctors opine that Mr. Pennyfeather would benefit from commitment in a medical facility. Nevertheless, and notwithstanding his motion for Mr. Pennyfeather to be committed to a federal medical facility, Attorney Villegas also requested that the Court grant the Government's motion to dismiss.

Following the hearing, the Court issued a Report and Recommendation, recommending that Mr. Pennyfeather be committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), for treatment in an effort to improve Mr. Pennyfeather's mental condition so that he may proceed to trial. Dkt. No. 31.

## DISCUSSION

### I.   Legal Standard

If a Defendant is committed to the Attorney General's custody pursuant to § 4241(d), federal hospitalization should generally discontinue when the charges against the defendant

are "disposed of according to law." 18 U.S.C. § 4241(d)(2)(B). Per Rule 48(a) of the Federal Rules of Criminal Procedure, the Government may dismiss an indictment, information, or complaint only with leave of Court. Fed. R. Crim. P. 48(a). Nevertheless, a court's discretion to deny the Government's motion to dismiss "is limited." *United States v. Lang*, No. 2015-cr-0013, 2021 WL 2169513, at *1 (D.V.I. May 27, 2021). When the Government's motion to dismiss is made in good faith, the motion should generally be granted. *Id.*

However, if the charges against a person committed to the Attorney General's custody under § 4241 are dismissed, but at the time of dismissal "it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward," the defendant is subject to the provisions of 18 U.S.C. § 4246. 18 U.S.C. § 4241. Section 4246 is implicated when a defendant is due for release, including through dismissal of the charges against him, but continues to suffer from a mental disease or defect "as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(a).[2]

---

[2] In whole, § 4246(a) reads:

> If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The

*United States v. Pennyfeather*
1:23-mj-00015-WAL-EAH
Report & Recommendation
Page 5

Proceedings under § 4246 can only be instituted upon the filing of a certification from the director of the Bureau of Prisons facility where a person has been hospitalized. The certification must attest that the person continues to suffer a mental disease or defect rendering him potentially dangerous, and that "suitable arrangements for State custody and care of the person are not available." *Id.*; *see also United States v. Baker*, 807 F.2d 1315, 1323 (6th Cir. 1986) (discussing significant deprivation of liberty accompanying § 4246 commitment and necessity of adequate procedural safeguards, including notice, via certificate, that a commitment hearing is necessary).[3]

In *Baker*, the Government moved to dismiss a charge against a defendant based solely on a defendant's mental condition after the defendant had served four months in a medical facility pursuant to § 4241(d). *Id.* at 1318-19. The district court held a hearing on the motion at which a psychiatrist from the facility testified that if the defendant were released, he would likely pose a danger to the community. The Government then withdrew its motion to dismiss and the Court *sua sponte* ruled that the defendant would remain in the custody of the

---

court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

18 U.S.C. § 4246(a).

[3] In addition to protecting a defendant's right to due process, the certificate serves another important function: it enshrines Congress's belief that mental health care should be provided by the states, not the federal Government. *Baker*, 807 F.2d at 1324. Accordingly, a key function of § 4246 is to ensure the Government first assures itself that no "appropriate state facility will accept the individual" prior to placing the duty of care for the individual on the federal government. *Id.*

Attorney General pursuant to § 4246. *Id*. In this posture, the Sixth Circuit determined that the district court exceeded its authority by committing a defendant to the Attorney General's custody pursuant to § 4246 without proper notice or hearing and without the process having been initiated by a certification from the Government indicating the potential danger that the defendant posed and the lack of adequate treatment facilities in the defendant's home state. *Id*. at 1324.

In this Circuit, only one court has addressed a similar issue. *See United States v. Wheeler*, 744 F. Supp. 633 (E.D. Pa. 1990). In *Wheeler*, a district court agreed with the Sixth Circuit that "Congress clearly intended [the Government] to be responsible for making the preliminary determination of dangerousness," and for ensuring that "no suitable arrangements for state custody" of the defendant were available. *Id.* at 639-40. However, just as in this case, the need for a § 4246 determination became apparent prior to the filing of the § 4246 certificate. The court, therefore, continued to detain the defendant, but ordered that he undergo a psychological evaluation pursuant to § 4246. *Id*. The court also set a hearing on the § 4246 issue and directed the Government to file the necessary certification. *Id*. at 640.

Upon receipt of such certification, a court is required to conduct a hearing to determine, by clear and convincing evidence, whether the person is "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). If the Court makes such a finding, it must order that the person be committed to the custody of the Attorney General, who

> shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his

> custody, care, and treatment. The Attorney General shall make all reasonable efforts to cause such a State to assume such responsibility. If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility, until —
> **(1)** such a State will assume such responsibility; or
> **(2)** the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another;
> whichever is earlier. The Attorney General shall continue periodically to exert all reasonable efforts to cause such a State to assume such responsibility for the person's custody, care, and treatment.

*Id. See also United States v. Phillip*, No. 1:19-cr-0001, 2024 WL 5381972, at *4 (D.V.I. Aug. 30, 2024) ("Even if it is determined that the defendant is likely not going to have his competency restored, he may still be housed and not released if the court determines that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. *See* 18 U.S.C. § 4246."), *report and recommendation adopted*, 2025 WL 26210 (D.V.I. Jan. 2, 2025); *United States v. Reese*, No. 18-cr-39, 2018 WL 4854660, at *3 (E.D. Pa. Oct. 5, 2018) ("if there is no substantial probability of competence to stand trial within the foreseeable future, the Attorney General must find the defendant dangerous or release him back into society.").

Per § 4246(a), a "certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section." The Court reads this language as indicating that a defendant's release from custody *must* be stayed upon the filing of a certificate. *See, e.g., Wheeler*, 744 F. Supp. at 636 (one purpose of "the certificate is to stay

the defendant's release pending completion of the procedures contained in section 4246").[4]

However, the provision must also be read as providing authority to stay a defendant's release even when there is no § 4246 certificate yet pending. This is so because the statute expressly authorizes the certificate to be issued *after* "all criminal charges have been dismissed." Such certificate, which must come from the director of a facility where the person is being held, must be issued while the person remains in custody. Thus, to avoid an interpretation of § 4246 that would render a portion of the statute—specifically the portion allowing for a certification to be filed after the charges against a defendant are dismissed—"superfluous, void, or insignificant," *United States v. Milchin*, 128 F.4th 199, 202 (3d Cir. 2025), it must be read to authorize courts to temporarily stay a defendant's release from custody prior to the filing of a § 4246 certification, but after the dismissal of the charges against the defendant caused solely by the defendant's mental condition, where a § 4246 certification is likely to be filed shortly after the charges have been dismissed. *See United States v. Fontaine*, 697 F.3d 221, 227-28 (3d Cir. 2012) (statutes must be construed sensibly to "avoid constructions

---

[4] An obvious application of this provision would arise in the following situation: a defendant has already been hospitalized pursuant to § 4241. The director of the hospital finds that the defendant is unlikely to ever regain his capacity for the proceedings against him to go forward. The director may then file a certification pursuant to § 4246 indicating that the defendant continues to suffer from a mental disease or defect which creates a substantial risk of danger to others if the person is released from custody. Upon the filing of the § 4246 certificate, the Government moves to dismiss the charges against the defendant. In such a scenario, the Government's motion to dismiss may be granted, but the defendant's release is automatically stayed pursuant to § 4246(a), because a certificate has already been filed. But the statute clearly leaves open the possibility that a § 4246 certificate may *follow* the dismissal of charges against a defendant. In fact, the likelier scenario is that no § 4246 certification will issue until the time the defendant is "due for release," which often may not occur, as here, until after the Government files a motion to dismiss.

which yield absurd . . . results" such as rendering portions of the statute "nonsensical and superfluous.").

## II. Application

There is no allegation that the Government's motion to dismiss is being made in bad faith, and the motion is unopposed. Therefore, the Court has virtually no discretion to deny the motion. *See, e.g., Lang*, 2021 WL 2169513, at *1. Accordingly, this Court recommends that the motion be granted.

Nevertheless, as discussed in the Court's Report and Recommendation regarding Mr. Pennyfeather's § 4241 commitment, over the course of nearly two years, Mr. Pennyfeather has demonstrated severe, long-term mental illness and an inability to adhere to his treatment regimen. *See* Dkt. No. 31 at 10-11. Consequently, the Court finds that it is unlikely that Mr. Pennyfeather will ever recover to the point where he will fully be able to understand the nature and consequences of the proceedings against him or adequately assist in his defense. Moreover, the Court finds that in all probability, the release of Mr. Pennyfeather from custody will result in a substantial risk of bodily injury to another person or serious damage to property of another, which finding neither party presently disputes. Therefore, with a view toward long-term hospitalization pursuant to 18 U.S.C. § 4246, the Court further recommends that Mr. Pennyfeather's release be stayed to allow the Government to institute § 4246 proceedings after sufficiently evaluating Mr. Pennyfeather's mental condition.

Section 4246 provides important guardrails relating to due process. In order to ensure that a § 4246 hearing is necessary and appropriate, the Court should afford the Government time for its psychologists to determine whether Mr. Pennyfeather's release

would pose a potential danger of bodily injury to another person or serious property damage. If evaluators make such a finding, the Government must also be provided ample time to determine whether Mr. Pennyfeather can be transferred to a suitable treatment facility in the Virgin Islands. Accordingly, the Court agrees with the reasoning in *Baker* and finds that a stay of release is necessary because it does not have the authority to initiate § 4246 proceedings *sua sponte*. Therefore, this Court recommends that the District Judge provide the Government four months after Mr. Pennyfeather's commitment to a medical facility to determine whether he meets the qualifications for continued commitment under § 4246. If, after such time, no § 4246 certificate issues or the Government notifies the Court that the director of the medical facility does not believe that release of Mr. Pennyfeather poses a substantial risk of bodily injury or serious property damage, the Court should order that Mr. Pennyfeather be released.

## CONCLUSION

By granting the Government's motion to dismiss the charges against Mr. Pennyfeather, the Court will begin the process necessary to trigger § 4246. However, the Court cannot begin evaluating whether Mr. Pennyfeather should be subject to continued federal hospitalization after dismissal of his charges absent a certification from the director of the facility where Mr. Pennyfeather is hospitalized. *See* 18 U.S.C. § 4246(a). In order to afford the Government's doctors time to properly evaluate him, the Court should stay Mr. Pennyfeather's release and direct the Government to quickly make the necessary determinations relevant to § 4246.

*United States v. Pennyfeather*
1:23-mj-00015-WAL-EAH
Report & Recommendation
Page 11

Accordingly, the Court respectfully **RECOMMENDS** that the District Judge: (1) grant the pending Motion to Dismiss, Dkt. No. 16; (2) stay Mr. Pennyfeather's release from custody, pursuant to § 4246(a), for four months following his transfer to a federal medical facility to allow the Government time to determine whether Mr. Pennyfeather's "release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available," 18 U.S.C. § 4246(a); (3) direct the Government to make such determinations and certify those determinations to the Court as quickly as possible; and (4) release Mr. Pennyfeather from custody if no such certification timely issues.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

ENTER:

Dated: July 14, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE