**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2023-mj-0015 |
| ) | |
| ADOLPHUS PENNYFEATHER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Attorneys:**
**Michael Conley, Esq.**
St. Thomas, U.S.V.I.
   *For the United States*

**Gabriel J. Villegas, Esq.**
St. Croix, U.S.V.I.
   *For Defendant*

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Magistrate Judge Emile A. Henderson III's Report & Recommendation (R&R), issued on July 11, 2025, regarding Defendant Adolphus Pennyfeather's ("Defendant") competency to understand the nature and consequences of the proceedings against him and to assist properly in his defense (the "Competency R&R") (Dkt. No. 31). Also before the Court is Magistrate Judge Henderson's R&R, issued on July 14, 2025, regarding the Government's Motion to Dismiss (Dkt. No. 16) the charges brought against Defendant (the "Dismissal R&R") (Dkt. No. 32). In the Competency R&R, the Magistrate Judge recommends that Defendant be declared mentally incompetent to proceed and that Defendant be committed to the Attorney General's custody for no more than four months to determine whether he may ever attain the capacity to permit these proceedings to go forward. (Dkt. No. 31 at 1). In the Dismissal R&R, the Magistrate Judge recommends that the Government's Motion to Dismiss be granted; that Defendant's release following the dismissal of charges be stayed; and that the

Government be ordered to initiate the process to determine whether Defendant should be civilly committed pursuant to 18 U.S.C § 4246. (Dkt. No. 32 at 2).

For the reasons discussed below, the Magistrate Judge's Competency R&R will be adopted, and his Dismissal R&R will be adopted in part, as modified herein, and rejected in part.

## I.   BACKGROUND

Defendant was arrested on August 11, 2023 in the Christiansted National Historic Site (the "Historic Site") by the National Park Service. (Dkt. No. 1-1 at 2). A Park Ranger encountered Defendant allegedly rolling a marijuana joint in the Bandstand area of the Historic Site. *Id.* Defendant had previously been banned from utilizing the Bandstand due to his numerous offenses in the Historic Site, including chasing minors while naked, using illegal narcotics, and defecating in the Bandstand and given a lawful order not to return to the Historic Site. *Id.* The Park Ranger attempted to confiscate the alleged marijuana joint, which resulted in Defendant swinging a closed fist at the Park Ranger's face. *Id.* The Park Ranger blocked Defendant's punch and delivered several strikes to Defendant's upper torso and facial area. *Id.* at 2-3. Thereafter, Defendant was arrested and charged with: (1) assaulting, resisting, or impeding officers, in violation of 18 U.S.C. § 111(a)(1); (2) interfering with agency functions, in violation of 36 C.F.R. § 2.32(a)(1); and (3) violating a lawful order, in contravention of 36 C.F.R. § 2.32(a)(2). (Dkt. No. 1 at 1).

On August 15, 2023, counsel for Defendant filed an "Unopposed Motion for Evaluation to Determine Mental Competency" (Dkt. No. 6), which the Magistrate Judge granted on August 17, 2023 (Dkt. No. 9).[1] In so doing, the Magistrate Judge referred Defendant to a Bureau of Prisons

---

[1] By Order entered on August 17, 2023, the Magistrate Judge also found probable cause for the offenses charged and Defendant was bound over to the District Court of the Virgin Islands. (Dkt. No. 8). To be "bound over" signifies that there has been "a finding of probable cause at a preliminary hearing," *Kline v. Hall*, 2013 WL 1775061 at *5 (M.D. Pa. Apr. 25, 2013), and thus a defendant is being "held pursuant to legal process," *Alvin v. Ryan*, 2008 WL 2446808 at *1 (E.D.

2

("BOP") facility for a mental competency evaluation.[2] *Id.*

On November 28, 2023, the Magistrate Judge received via email the psychological evaluation report (the "Competency Report") from forensic psychologists at the Metropolitan Detention Center in Los Angeles (the "LA MDC") relating to Defendant's mental competency. (Dkt. No. 31 at 2). The Competency Report detailed, *inter alia*, mental health concerns from childhood into adulthood; "frequent contacts with the legal system, generally for minor offenses"; Defendant's history of "always [being] found incompetent to stand trial, leading to the dismissal of the charges against him"; and prior diagnoses. *Id.* at 3-4. The Competency Report also noted that Defendant "demonstrated a poor understanding of the nature and consequences of the court proceedings against him, as well as impairment in his ability to cooperate and assist counsel in his defense." *Id*. at 5-6. The Competency Report therefore concluded that Defendant would not be able to adequately assist his counsel in mounting a defense or in understanding the nature and consequences of the charges against him. *Id.* at 6. Based on the evaluation conducted at the LA MDC, the Competency Report recommends that Defendant be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d). *Id.* at 11. Magistrate Judge Henderson held a follow-up status conference with the Government and counsel for Defendant on December 15, 2023.

On December 12, 2024, the Government filed a Motion to Dismiss the charges against Defendant, stating that Defendant "has been deemed incompetent with a significant impairment of his ability to understand the nature and consequences of his charges and court proceedings and is

---

Pa. June 16, 2008). The Magistrate Judge continued to handle this matter consistent with applicable law and established procedures.

[2] By Order entered on October 21, 2023, the Magistrate Judge subsequently adjusted the dates during which the evaluation was to take place based on the date on which Defendant arrived at the facility. (Dkt. No. 13).

not able to assist his counsel in mounting any defense." (Dkt. No. 16 at 1). At a subsequent status conference before Magistrate Judge Henderson on December 15, 2024, both the Government and counsel for the defense agreed that Defendant should be hospitalized pursuant to 18 U.S.C. § 4246. (Dkt. No. 31 at 7).

On March 26, 2025, Defendant filed an "Unopposed Motion for Expedited Competency Report and Recommendation" (Dkt. No. 22) requesting that the Court adopt the Competency Report and order Defendant committed for treatment and attempted restoration to competency pursuant to 18 U.S.C. § 4241(d). Then, on June 24, 2025, the Magistrate Judge forwarded the Competency Report to the undersigned Judge. On that same day, the undersigned referred Defendant's Motion to the Magistrate Judge for a competency hearing and any other related competency proceedings. (Dkt. No. 23).

The Magistrate Judge held a Competency Hearing on July 10, 2025. At the Competency Hearing, the Government relied on the Competency Report and proffered that the Bureau of Prisons ("BOP") maintains that the Competency Report continues to accurately describe Defendant's mental condition. (Dkt. No. 31 at 8). Counsel for the defense agreed. *Id.* The Magistrate Judge issued the Competency R&R on July 11, 2025, and the Dismissal R&R on July 14, 2025. (Dkt. Nos. 31, 32).

## II.   APPLICABLE LEGAL PRINCIPLES

### A. Standard for Review

A party may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings

4

and recommendations as provided by rules of court."). The objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3.

When reviewing a report and recommendation, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Supreme Court has instructed that, although 28 U.S.C. § 636 does not require the judge to conduct a *de novo* review if no objections are filed, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Accordingly, the Third Circuit has held that, even in the absence of objections to a report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report." *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); *see also Ellenburg v. Virgin Islands*, 2024 WL 4366906 at *1 (D.V.I. Sept. 30, 2024) (citing *Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate." (internal quotation omitted)). The Third Circuit has described this level of review as "reasoned consideration." *Equal Emp. Opportunity Comm'n*, 866 F.3d at 100.

The Advisory Committee Notes to the 1983 Amendments to Rule 72(b) of the Federal Rules of Civil Procedure state: "[W]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

5

Some district courts have also adopted a "clear error" or "manifest injustice" standard for the review of those portions of a report and recommendation that are not contested. *Massie v. Finley*, 2021 WL 11108887 at *1 (M.D. Pa. June 2, 2021) (quoting 1983 Advisory Committee Notes that the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *Cruz v. Chater*, 990 F.Supp. 375, 377 (M.D. Pa. 1998) (noting that court's review is limited to ascertaining whether there is "clear error on the face of the record"); *see also Pratt v. Marsh*, 2021 WL 2188576 at *8 (E.D. Pa. May 28, 2021), *aff'd sub nom. Pratt v. Superintendent Benner Twp. SCI*, 2023 WL 5607516 (3d Cir. Aug. 30, 2023) (citations omitted) ("Uncontested portions of a report and recommendation, as well as portions to which untimely or general objections are made . . . at the very least . . . should be reviewed for clear error or manifest injustice."). Clear error occurs "when reviewing the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *United States v. Griffith*, 2024 WL 5053426 at * 3 (3d Cir. Dec. 10, 2024) (citing *United States v. Caraballo*, 88 F.4th 239, 244 (3d Cir. 2023)). In passing, a panel of the Third Circuit has appeared to accept this clear error or manifest injustice standard. *See Seamon v. Shapiro*, 2025 WL 88837 at *2 (3d Cir. Jan. 14, 2025) ("The District Judge appropriately conducted a narrow review of the Magistrate Judge's report and recommendation for clear error or manifest injustice, because [Plaintiff] did not file objections to the report.").

### B. Competency

A competency hearing must be held "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of

the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Integral to the criminal justice system is the notion that "a person whose mental condition is such that [the person] lacks the capacity to understand the nature and the object of the proceedings[,] . . . to consult with counsel, and to assist in preparing [a] defense may not be subjected to a trial." *United States v. Leggett*, 162 F.3d 237, 241 (3d Cir. 1998) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)) (internal quotes omitted). The conviction of a legally incompetent person is a violation of due process. *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *Leggett*, 162 F.3d at 241.

The Government bears the burden of proof in establishing the defendant's competency to stand trial. *United States v. Velasquez*, 885 F.2d 1076, 1089 (3d Cir. 1985). To evaluate a defendant's competency, district courts consider certain factors that include "evidence of a defendant's irrational behavior, [the defendant's] demeanor at trial, and any prior medical opinion on competence to stand trial." *Leggett*, 162 F.3d at 242. A court may also consider "an attorney's representation about his client's competency." *United States v. Renfroe*, 825 F.2d 763, 767 (3d Cir. 1987). In finding a defendant incompetent to proceed, a court may also take into account agreement between the Government and the defendant as to the defendant's incompetence. *See, e.g.*, *United States v. Royce*, 2021 WL 5889802 at *2 (M.D. Pa. Dec. 13, 2021).

There is a three step process created by 18 U.S.C. § 4241 to assess competency: "(1) the district court initially determines whether a defendant is competent to stand trial; (2) if found incompetent, the district court commits the defendant to the Attorney General's custody for hospitalization [for a reasonable period of time not to exceed four months] to determine if there is a substantial probability within the foreseeable future the defendant will be competent to stand trial; (3) if there is no substantial probability of competence to stand trial within the foreseeable future, the Attorney General must find the defendant dangerous or release him back into society."

7

*United States v. Reese*, 2018 U.S. Dist. LEXIS 172702 at *18 (E.D. Pa. Oct. 5, 2018). The four month period of time may be extended "for an additional reasonable period of time" until either the defendant's "mental condition is so improved that trial may proceed" if "there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward" or until "the pending charges" are "disposed of according to law," whichever of those two alternative occurs "earlier."[3] 18 U.S.C. § 4241(d)(2). At the end of the allotted time period, if the defendant's mental condition has not been restored to competency, then Section 4241 dictates that the defendant be "subject to the provisions of sections 4246 and 4248" governing civil commitment of defendants. *Id.* § 4241(d).

### C. Civil Commitment Proceedings

Section 4246 of Title 18 "establishes a process for hospitalizing dangerous individuals who would otherwise be released from the federal system." *U.S. v. Berry*, 142 F.4th 184, 187 (4th Cir. 2025). "Congress designed § 4241 and § 4246 to work in tandem—one to assess whether a defendant can be restored to competency and the other to protect the public when he cannot." *Id.*

---

[3] Thus, this Court disagrees with the Magistrate Judge's statement that "[i]f a Defendant is committed to the Attorney General's custody pursuant to § 4241(d), federal hospitalization should generally discontinue when the charges against the defendant are 'disposed of according to law,'" (Dkt. No. 32 at 4), as this provision only applies to terminate any "additional period of time" needed to determine if there is a substantial probability that Defendant can be restored to competency. 18 U.S.C. § 4241(d)(2)(B). *See also U.S. v. Berry*, 142 F.4th 184, 191-92 (4th Cir. 2025) (stating that a reading of the statute that would terminate any custody under § 4241 following disposition of the charges would be "indefensible for multiple reasons," namely that: (1) "it would make little sense to interpret the statute to require the release of dangerous, mentally incompetent individuals the moment their charges are dismissed without affording the government a reasonable opportunity to seek certification under § 4246"; (2) "§ 4241(d) specifically provides that 'if, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of section 4246'" and to read otherwise "would effectively delete this provision from the statute"; and (3) "Congress designed § 4241 and § 4246 to work in tandem" therefore any "attempt to drive a wedge between the two would leave courts powerless to act at the very moment when continued commitment is most necessary." (citation modified)).

8

at 192. Thus, an individual can be certified for civil commitment under Section 4246 if the individual is (1) "a person in the custody of the Bureau of Prisons whose sentence is about to expire," (2) a person "committed to the custody of the Attorney General pursuant to section 4241(d)," or (3) a person "against whom all criminal charges have been dismissed solely for reasons related to [their] mental condition." 18 U.S.C. § 4246(a). The director of the facility in which the individual is hospitalized may initiate civil commitment proceedings by certifying to the Court in the district of confinement that the individual "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available." *Id.* Such a certification stays the release of the individual pending the completion of civil commitment procedures, which include a hearing before the Court in the jurisdiction where the individual is being housed. *Id.*; *see also Berry*, 142 F.4th at 188. "[A]ny delay" between a district court's determination of unrestorability under § 4241 and the filing of a certificate under § 4246 must "be limited to a reasonable period," which "depends on whether the government 'provides an adequate explanation of any physical, behavioral, or administrative obstacles to the BOP's evaluation' of the person to be committed." *Id.* 190.

### D. Criminal Charges

Under Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed R. Crim. P. 48(a). A court is "generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *In re Richards*, 213 F.3d 773, 787 (3d Cir. 2000); *see also Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam) (permitting the Court to deny a Rule 48(a) motion "to which the defendant has consented if the motion is prompted by

9

considerations clearly contrary to the public interest"). Mental incompetency can be a sufficient reason to warrant dismissal of criminal charges, even where the Government maintains that it could prove the criminal charges beyond a reasonable doubt. *See U.S. v. Strege*, 2024 WL 3886439 at *1 (D.P.R. Aug. 21, 2024).

A presumption of good faith attaches to the government's decision to seek dismissal under Rule 48(a). *United States v. Lang*, 2021 WL 2169513 at *1 (D.V.I. May 27, 2021). A defendant can rebut this presumption "by showing that the prosecution has sought dismissal in bad faith or for reasons contrary to the public interest; or has failed to sufficiently articulate its reasons for dismissal." *United States v. Etienne*, 2009 WL 1404808 at *2 (D.V.I. May 15, 2009). "If a defendant fails to rebut the presumption of good faith, it is customary for a court to grant the government's Rule 48(a) motion to dismiss without prejudice." *Lang*, 2021 WL 2169513 at *1.

### III. DISCUSSION

#### A. Competency to Stand Trial

After reviewing the Competency Report, as well as the Competency R&R's finding that Defendant presently suffers from "a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," the Court concludes that there is no plain error in the Magistrate Judge's recommendation that Defendant should be found mentally incompetent. (Dkt. No. 31 at 11).

The Government bears the burden of establishing the defendant's competency. *Velasquez*, 885 F.2d at 1089. Here, however, the Government does not dispute the defendant's *incompetency*, and Defense counsel is in agreement with the Government regarding Defendant's incompetency. *See Renfroe*, 825 F.2d at 767 (holding that a court may also consider "an attorney's representation

10

about his client's competency"); *Royce*, 2021 WL 5889802 at *2 (agreement between the Government and defense counsel on defendant's competency may be considered). Further the Competency Report and the Magistrate Judge's findings contain evidence of Defendant's "irrational behavior," *Leggett*, 162 F.3d at 242, and Defendant's history of being found incompetent to stand trial for various minor offenses, which reflect Defendant's inability to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Based on the findings in the Competency Report and the Competency R&R, the Court adopts the Competency R&R and finds that Defendant is not competent to proceed to trial. The Court will therefore order that Defendant be committed to the Attorney General's custody for treatment in a suitable facility for four months to determine whether there is a substantial probability that in the foreseeable future he will be restored to competency. 18 U.S.C. § 4241(d).

### B. Dismissal of Criminal Charges

After reviewing the Dismissal R&R, the Court concludes that there is plain error in the Magistrate Judge's recommendation that the Court grant the Government's Motion to Dismiss.[4] (Dkt. No. 32 at 9).

Mental incompetency can be a sufficient reason to warrant dismissal of criminal charges, even where the Government maintains that it could prove the criminal charges beyond a reasonable doubt. *See Strege*, 2024 WL 3886439 at *1. The Government states that the basis for its motion seeking dismissal with prejudice is that "after evaluation, this defendant has been deemed incompetent with a significant impairment of his ability to understand the nature and consequences of his charges and court proceedings and is not able to assist his counsel in mounting any defense."

---

[4] The Government seeks dismissal of the charges with prejudice. (Dkt. No. 16 at 1). Because the Magistrate Judge recommends granting the Government's Motion, the Court interprets the Magistrate Judge's recommendation to mean a dismissal of the charges with prejudice.

(Dkt. No. 16 at 1). Indeed, the Competency Report and the Competency R&R support that conclusion. And, to be sure, the Government is entitled to a presumption of good faith in dismissing charges and there is no allegation that dismissal is not being sought in good faith. *See Lang*, 2021 WL 2169513 at *1.

A dismissal with prejudice is a final adjudication of the matter. *See Brown v. Amtrak Corp.*, 2003 WL 22433755 at *1 (D.C. Cir. Oct. 27, 2003) (per curiam) ("A dismissal 'with prejudice' is a final judgment on the merits which bars further litigation between the same parties."). However, a conclusive determination regarding whether "there is a substantial probability that in the foreseeable future [Defendant] will attain the capacity to permit the proceedings to go forward" under 18 U.S.C. § 4241 has not yet been made. Indeed, there are additional proceedings to be conducted prior to such a determination in which the Court views the Government as having an important role. While it might well be the case that the ultimate determination as to Defendant's competency is such that the charges will be dismissed based on mental incompetency—as the Government now predicts—the proceedings are not yet at that stage. The Court finds, therefore, that it is premature for the Court to dismiss the Complaint, with prejudice, because such a dismissal prior to a conclusive determination regarding Defendant's probability of being restored to competency is "clearly contrary to manifest public interest." *In re Richards*, 213 F.3d at 787.

Accordingly, the Court will reject the Magistrate Judge's recommendation in the Dismissal R&R that the Court grant the Government's Motion to Dismiss (Dkt. No. 16) at this time, and will deny the Motion without prejudice.

### C. Initiation of Civil Commitment Proceedings

The Magistrate Judge recommends in the Dismissal R&R that the Court stay Defendant's release from custody flowing from the dismissal of charges against him to determine, pursuant to

18 U.S.C. § 4246(a), whether Defendant's release "would create a substantial risk of bodily injury to another person or serious damage to property of another." Because this Court is not adopting the Magistrate Judge's recommendation that the Court dismiss the charges against Defendant at this time, the recommendation to stay Defendant's release—which follows from the Government's requested dismissal of the charges—is moot. However, this Court will order that Defendant remain within the custody of the Attorney General for both four months under Section 4241 for a restoration determination, *and* for a reasonable period of time thereafter, if necessary, and upon the proper showing, until the BOP can make a determination of whether to file a certification under Section 4246.

Several courts have recognized that Section 4241 and Section 4246 determinations can—and should, where a defendant presents safety concerns—occur simultaneously:

> In order for the statutory scheme set forth in section 4246 to function properly, the mental health facility in which the defendant is hospitalized pursuant to section 4241(d) must analyze two things: (1) whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed; and (2) whether defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. Specifically, the director of the mental health facility has the initial responsibility "to determine preliminarily whether defendant should be released." If the director of the mental health facility is able to certify the things required under section 4246(a), then the certificate must be filed while the defendant is still in the custody of that facility.

*U.S. v. Rivera-Morales*, 365 F.Supp.2d 1139, 1142-43 (S.D. Cal. 2005), *aff'd,* 160 F. App'x. 648 (9th Cir. 2005) (unpublished) (citation modified); *see also U.S. v. Ferguson*, 2020 WL 5100099 at *6 (S.D. Fla. Aug. 5, 2020), *report and recommendation adopted*, 2020 WL 4922360 (S.D. Fla. Aug. 21, 2020) (same). Any and all custody of a defendant does not terminate automatically upon completion of the four-month time period contemplated by Section 4241. *See, e.g.*, *Berry*, 142 F.4th at 192 ("Section 4241(d)'s cross-reference to § 4246 must [] allow the government to maintain custody for some reasonable period of time to determine whether § 4246 commitment is

13

appropriate."); *see also U.S. v. Godinez-Ortiz*, 563 F.3d 1022, 1032 (9th Cir. 2009) ("In authorizing the director to file a dangerousness certification, § 4246 necessarily contemplates the temporary commitment of that person so that the director can conduct the evaluation necessary to make the certification decision."). Accordingly, "any delay" between a district court's determination of unrestorability under § 4241 and the filing of a certificate under § 4246 must "be limited to a reasonable period," which "depends on whether the government 'provides an adequate explanation of any physical, behavioral, or administrative obstacles to the BOP's evaluation' of the person to be committed." *Berry*, 142 F.4th at 190; *see also U.S. v. Wayda*, 966 F.3d 294, 308 (4th Cir. 2020) ("When the government has in its custody an individual whose incapacity renders him unable to stand trial and therefore eventually subject either to possible release or civil commitment, we expect the government to 'strive to certify' individuals in a time frame that eliminates or at least minimizes the time spent as an incompetent, unrestorable person waiting for a [§ 4246] determination").

Accordingly, the Court will adopt the Magistrate Judge's recommendation in the Dismissal R&R to the extent that the Court will direct the Government to make a determination whether Defendant "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" and whether to certify the same. Thereafter, upon a proper showing by the Government, the Court will authorize, if necessary, Defendant's continuing treatment at a designated federal medical facility for a reasonable period of time—following the completion of the four-month time period contemplated by Section 4241 and the corresponding restoration determination—to permit the Government to file the Section 4246 certification.

## IV. CONCLUSION

For the foregoing reasons, the Court: (1) finds that Defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"; (2) will commit Defendant to the Attorney General's custody pursuant to 18 U.S.C. § 4241(d) for hospitalization for not greater than four months, for a determination as to whether Defendant is able to regain mental capacity; (3) will deny the Government's Motion to Dismiss the Complaint (Dkt. No. 16) without prejudice; (4) will direct the Government to concurrently make a determination as to whether Defendant "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" and whether to certify the same; and (5) will, upon a proper showing by the Government, authorize—if necessary and appropriate—Defendant's continuing treatment at a suitable medical facility for a reasonable period of time—following the four-month hospitalization under 18 U.S.C. § 4241(d)—to permit the Government to make a determination whether to certify Defendant under 18 U.S.C. § 4246.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Magistrate Judge Emile Henderson III's Competency Report and Recommendation (Dkt. No. 31) is **ADOPTED**; and it is further

**ORDERED** that Magistrate Judge Emile Henderson III's Dismissal Report and Recommendation (Dkt. No. 32) is **REJECTED IN PART**, as to the recommendations that the Court grant the Government's Motion to Dismiss (Dkt. No. 16) and stay Defendant Adolphus Pennyfeather's release following dismissal of charges; and it is further

**ORDERED** that Magistrate Judge Emile Henderson III's Dismissal Report and Recommendation (Dkt. No. 32) is **ADOPTED IN PART**, as modified herein, as to the recommendation that the Court direct the Government to determine whether certification of Defendant Adolphus Pennyfeather pursuant to 18 U.S.C. § 4246(a) is appropriate; and it is further

**ORDERED** that Defendant Adolphus Pennyfeather is determined to be mentally incompetent to the extent that he is presently unable to proceed to trial; and it is further

**ORDERED** that Defendant Adolphus Pennyfeather is committed to the custody of the Attorney General to be held at a federal medical facility where he can receive comprehensive, inpatient psychiatric treatment and counseling for not greater than four months from the date that Defendant arrives at the facility for a determination as to whether Defendant Adolphus Pennyfeather can be restored to competency; and it is further

**ORDERED** that the Government shall have up to and including **48 hours** following Defendant's arrival at a suitable medical facility for treatment pursuant to this Order—but no later than **September 8, 2025**—to file a Notice affirming that Defendant has been transported to the designated medical facility; and it is further

**ORDERED** that Defendant shall have up to and including **four months** from the date of Defendant's arrival at a suitable facility for treatment[5] within which to complete the ordered evaluation as to whether Defendant Adolphus Pennyfeather can be restored to competency; and it is further

**ORDERED** that the parties shall have up to and including **fourteen days** from the date of the completion of the evaluation as to whether Defendant Adolphus Pennyfeather can be restored

---

[5] The Court will enter an Order containing specific dates for these deadlines once those dates can be determined following Defendant's arrival at the designated facility.

16

to competency within which to file a sealed joint notice to the Court containing the report of the restoration evaluation; and it is further

**ORDERED** that Defendant Adolphus Pennyfeather shall have up to and including **fourteen days** from the date of the filing of the joint notice containing the restoration evaluation report within which to file a motion indicating whether Defendant is competent to participate in his own defense and trial at that time; and it is further

**ORDERED** that the Government shall have **seven days** from the date of Defendant's filing of his motion regarding his competency within which to file any response to Defendant's motion regarding his competence; and it is further

**ORDERED** that the Government shall have up to and including **four months** from the date of Defendant's arrival at a suitable facility for treatment within which to file—in the district in which Defendant is confined—a certification, if appropriate, under 18 U.S.C. § 4246, and to serve upon this Court a copy of the same; and it is further

**ORDERED** that if the Government requires additional time beyond the **aforementioned four months** within which to file a certification under 18 U.S.C. § 4246, it shall have up to and including **seven days preceding the expiration of the four-month period of time** within which to file a request for authorization of Defendant's continuing treatment at the federal medical facility pending a § 4246 certification, providing an adequate explanation of any physical, behavioral, or administrative obstacles to the Bureau of Prison's evaluation of Defendant Adolphus Pennyfeather under § 4246; and it is further

**ORDERED** that the Government's Motion to Dismiss (Dkt. No. 16) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendant's "Unopposed Motion for Expedited Competency Report and Recommendation" (Dkt. No. 22) is **DENIED AS MOOT**.

Dated: August 7, 2025

                                                              _____/s/_____
                                                             WILMA A. LEWIS
                                                             Senior District Judge